**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NIMA GURUNG, | No.   16-73497 |
| Petitioner, | Agency No. A200-816-692 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2018**

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Nima Gurung, a native and citizen of Nepal, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen, and review de novo

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law, including claims of due process violations due to ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Gurung's motion to reopen, where Gurung failed to show prejudice resulting from her prior counsel's alleged ineffective assistance. *See id*. at 793-94 (to establish prejudice for an ineffective assistance of counsel claim, petitioner must demonstrate that counsel's performance may have affected the outcome of the proceedings). In so concluding, we do not consider Gurung's unexhausted contentions that her former counsel failed to seek a continuance, lay an adequate foundation for evidence, or address Gurung's inconsistencies on redirect. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**